# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

RUSSELL ERIC LENARD,        )
                               )     Case No. 1:24-cv-238

     *Plaintiff*,          )

                               )     Judge Travis R. McDonough

v.                          )

                               )     Magistrate Judge Christopher H. Steger

STATE OF TENNESSEE and TIM    )
WILSON,                   )

                               )

     *Defendants*.       )

## MEMORANDUM OPINION

Now before the Court are three substantive filings from Russell Eric Lenard, a state prisoner, asserting that (1) in convincing Mr. Lenard to plead guilty to two misdemeanor charges, Mr. Lenard's counsel Tim Wilson acted in ways that were tortious and/or unconstitutional, and (2) Mr. Lenard's guilty plea to these charges is not an enforceable contract (Docs. 1, 1-1, 5). Also before the Court is a letter from Mr. Lenard in which he, among other things, requests that the Court appoint him counsel (Doc. 9). For the reasons set forth below, the Court construes Mr. Lenard's relevant filings (Docs. 1, 1-1, 5) to seek relief under § 1983. However, Mr. Lenard has not shown that this is an extraordinary that entitles him to appointment of counsel, and his filings fail to state a plausible claim for violation of § 1983. As such, this action will be **DISMISSED**.

## I.    CONSTRUCTION OF RELEVANT PLEADINGS

Mr. Lenard's relevant pleadings (Docs. 1; 1-1; 5) do not specify whether he seeks to proceed under (1) 42 U.S.C. § 1983, which requires a plaintiff to establish that a person acting under color of state law deprived him a federal right, or (2) 28 U.S.C. §§ 2241 and 2254, which

allow this Court to issue the writ of habeas corpus to a state prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." The Court will summarize the relevant parts of these filings before stating why the Court construes them as filed under § 1983.

On June 16, 2024, Mr. Lenard initiated this action by filing a "Petition for Writ of Certiorari" and a "Petition for Error," in which he lists himself as Petitioner and the State of Tennessee and Mr. Wilson as Respondents (Doc. 1, at 1; Doc. 1-1, at 1). In these two documents, Mr. Lenard substantively asserts in relevant part that: (1) on March 28, 2024, Mr. Wilson convinced him to plead guilty to two criminal charges; (2) in convincing Mr. Lenard to plead guilty to these charges, Mr. Wilson used "the 5 factors of fraud" and undue influence; (3) Mr. Lenard agreed to plead guilty to these charges under duress due to his fear of lengthy jail time; (4) the guilty plea was "an incomplete instrument" because the judge did not sign it; (5) twice in April 2024, Mr. Lenard sought to rescind the guilty plea; (6) on April 15, 2024, Mr. Lenard sent a "Writ of Error" to the "General District" court; (7) on April 29, 2024, Mr. Lenard filed a "Writ of Certiorari" and motion to dismiss his counsel with the "Circuit Court"; (8) in May 2024, Mr. Lenard filed a notice of appeal, a "motion for Writ of Certiorari," and a "petition for habeas corpus in conjunction with the appeal" with the Court of Criminal Appeals; and (9) on June 3 and 6, 2024, Mr. Lenard received correspondence from the Court of Criminal Appeals indicating that it had received notices of appeal from Mr. Lenard and Mr. Wilson (*See* Docs. 1; 1-1).

Mr. Lenard also states that he requests assistance from this Court because his counsel did not represent him "zealously and diligently," as the Sixth and Fourteenth Amendments and state

2

constitution require, and that he would file a Board of Professional Responsibility grievance, if he knew how to do so (Doc. 1-1, at 2).

Mr. Lenard then filed a form complaint naming himself as Plaintiff and the State of Tennessee and Mr. Wilson as Defendants and stating that he seeks relief for: (1) violations of his rights under the Fourth, Sixth, and Fourteenth Amendments; (2) violation of 12 U.S.C.§ 12203; (3) violation of the state constitution; (4) his attorney Mr. Wilson's commission of the torts of fraud, "deceit/distress," and undue influence; and (5) violation of "canon law #9, negotiable instrument act" (Doc. 5, at 1). In this filing, Mr. Lenard further explains in relevant part that he agreed to plead guilty to two misdemeanor charges because Mr. Wilson told him that if he was in Mr. Lenard's position, he would take that offered deal, as Mr. Lenard could otherwise receive four or more additional years of incarceration for the for felony charges he was also facing (*Id.* at 3).

Mr. Lenard states this amounts to "the [t]ort[s] of fraud, deceit, and negligence and violating 28 U.S.C. 12203 of Intimidation and Coercion which created 'Coactus Volui,'" for which he had pursued the writs of certiorari and error in this Court and with three other state courts, including the Court of Appeals, to no avail (*Id.* at 3). Mr. Lenard also states that he sought "[h]abeas [c]orpus for post-conviction collateral relief where there was a defect in my pleadings" based on the alleged ineffective assistance of his counsel, Mr. Wilson, with an unspecified court (*Id.* at 4). Further, Mr. Lenard asserts that tension between him and Mr. Wilson regarding Mr. Wilson's representation of Mr. Lenard in a prior criminal proceeding may have caused Mr. Wilson to retaliate against Mr. Lenard in the criminal proceeding underlying this action, and that the judge's failure to sign his guilty plea means it did not comply with contract law (*Id.* at 5–6). As relief, Mr. Lenard requests: (1) to have the case against him

dismissed due to contractual inconsistences; (2) to rescind his guilty plea; and (3) to be retried with different counsel (*Id.* at 7).

Accordingly, viewing Mr. Lenard's relevant pleadings as a whole, they generally focus on claims arising from torts, including mainly fraud and negligence, as well as claims for violation of contract law, and they only passingly reference ineffective assistance of counsel (*See* Docs. 1; 1-1; 5). Moreover, and possibly most relevantly, as set forth above, Mr. Lenard's substantive pleadings demonstrate that his appeal(s) of his relevant convictions were still pending with the Tennessee Court of Criminal Appeals ("TCCA") when he filed this action, as he states that the TCCA alerted him of its receipt of his notices of appeal less than two weeks before he filed this action (*See* Doc. 1-1, at 2). As such, it is apparent from the face of Mr. Lenard's pleadings that he had not fully exhausted any habeas corpus claims with the state court prior to seeking relief from this Court, as he is required to do for such claims for relief. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (providing that exhaustion requires a petitioner to have "fairly presented" each federal claim to all levels of the state appellate system to ensure that states have a "full and fair opportunity to rule on the petitioner's claims") (citing *Justices v. Boston Mun. Court v. Lydon*, 466 U.S. 294, 302–03 (1984))). Thus, if the Court construed Mr. Lenard's pleadings to seek relief under § 2254, this action would be subject to dismissal on this ground. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987) (noting that a district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas corpus claims have not been presented to the state courts).

For all these reasons, the Court liberally construes Mr. Lenard's relevant filings (Docs. 1; 1-1; 5) to seek relief under § 1983.

## II. MOTION TO APPOINT COUNSEL

As set forth above, in a letter he filed with the Court, Mr. Lenard requests appointment of counsel. (Doc. 9, at 2.) Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–06.

As to the first two factors, as set forth above, this action arises out of Mr. Lenard's claims that (1) his trial counsel acted improperly in advising him to plead guilty and (2) that guilty plea is not an enforceable contract, which are typical prisoner claims that are not factually or legally complex. As to the third factor, it is apparent from his filings that Mr. Lenard can adequately present his claims. Thus, Mr. Lenard has not established that this is an exceptional circumstance that justifies appointment of counsel in this action, and his request for appointment of counsel (Doc. 9) is **DENIED**.

## III. COMPLAINT

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*,

5

550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Finally, a claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.      Analysis**

Mr. Lenard's claims challenging the validity of his criminal convictions due to his counsel's actions and/or the fact that his guilty plea is not an enforceable contract are not cognizable under § 1983, as nothing in the substantive pleadings suggests that a state court has reversed, expunged, or otherwise invalidated those convictions, or that a federal court has issued a writ of habeas corpus for the convictions. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (holding that if a judgment for plaintiff necessarily implies the invalidity of an underlying criminal conviction, the federal court must dismiss the action, unless the plaintiff can show the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus). Moreover, to the extent that Mr. Lenard requests release from his confinement due to the

convictions underlying his filings, he must bring such claims in a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (providing that an inmate alleging entitlement to speedier release must pursue such relief through habeas action).

Accordingly, the Court will dismiss all of Mr. Lenard's constitutional claims, and it will exercise its discretion to decline to exercise supplemental jurisdiction over the remaining state law claims by dismissing these claims without prejudice. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). The Court will also direct the Clerk to send Mr. Lenard a form § 2254 petition, so that he may pursue any properly exhausted habeas corpus claims through that petition.[1]

## IV. CONCLUSION

Thus, for the reasons set forth above:

1. The Court construes Mr. Lenard's substantive pleadings (Docs. 1; 1-1; 5) to seek relief under § 1983;

2. Mr. Lenard's request for appointment of counsel (Doc. 9, at 2) is **DENIED**;

3. Mr. Lenard's substantive pleadings (Docs. 1; 1-1; 5) fail to state a claim upon which relief may be granted under § 1983 and the Court declines to exercise supplemental jurisdiction over any state law claims;

4. Accordingly, this action will be **DISMISSED** to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

5. The Court **CERTIFIES** that any appeal from the dismissal this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure; and

6. The Clerk is **DIRECTED** to send Mr. Lenard a form § 2254 petition.

---

[1] The Court **ADVISES** Mr. Lenard that any such § 2254 petition he files will be subject to all the restrictions applicable to such a petition, and that he should therefore include all his available § 2254 claims. *See Castro v. United States*, 540 U.S. 375, 382 (2003).

7

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*

**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**